**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **WILLIAM WALLACE** | * | |
| *Plaintiffs* | * | |
| v. | * | Case No. 2016 CA 005500 B |
| | | Judge Maurice Ross |
| **UNITED HOSPITALITY SOLUTIONS,** | * | Next Event: Init. Sched. Conf. |
| **LLC, ET AL.** | | Oct. 28, 2016 at 9:00am |
| | * | |
| *Defendant.* | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT RENAISSANCE HOTEL OPERATING COMPANY**

To:    Renaissance Hotel Operating Company
From:  William Wallace

Pursuant to the Superior Court Rules of Civil Procedure, you are requested to respond to the following Interrogatories and deliver your responses to the Law Offices of Schultz & Trombly, PLLC, 1825 K Street, NW, Suite 1150, Washington, DC 20006, within thirty (30) days.

## I.    INSTRUCTIONS

A. These interrogatories are continuing in character, so as to require you to file supplementary answers if you obtain further or different information before trial.

B. Where the name or identity of a person is requested, please state that person's full name, home address, business address, and last known home and work telephone numbers.

C. Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his attorneys. Inasmuch as an answer is made on behalf of a corporation, state the name, address and title of the person supplying the information and making the affidavit; as well as the source of his information.

1

D. The pronoun "you" refers to the party to whom these Interrogatories are addressed.

E. The term, "the occurrence," refers to the incident of October 24, 2013 involving the Plaintiff, as alleged in the complaint.

F. The term, "premises," refers to the location of the occurrence at the Renaissance Washington Hotel, located at 999 Ninth Street, NW, Washington, DC 20001.

G. The term, "lobby," refers to the elevator lobby on the second floor of the premises near the concierge lounge, where the occurrence took place.

H. The term, "the Plaintiff," refers to William Wallace, the individual involved in the occurrence.

## II.    INTERROGATORIES

1. State the name and relationship(s) to this Defendant of the person(s) answering these interrogatories.

2. State this Defendant's relationship to the premises on the day of the occurrence.

3. If you contend that this Defendant was not the lessor nor legal owner of the building housing the premises at the time of the occurrence and/or did not have day to day control over the premises on the date of the occurrence, then please state all of the facts on which you rely as to each contention, and identify what entity or entities in fact did have such ownership and/or control, as is applicable.

4. With respect to the premises, identify each individual whose duties included maintaining, repairing, inspecting, or cleaning the lobby and/or to whom this task was otherwise delegated, (a) on October 24, 2013, (b) in October of 2013, and (c) at any time during the three-year period preceding the date of the occurrence and at any time during the three-year period following the date of the occurrence.

5. Describe the standards and procedures taken in 2013 to prevent or mitigate slipping hazards or wet floors in the lobby, including, but not limited to when spills were present.

6. If this Defendant has ever had a suit filed or claim made against it regarding alleged personal injuries at the premises in regards to an incident caused by a fall on account of an allegedly slippery or wet floor, in each instance, identify the parties involved, the dates of the occurrence and the final outcome of the case or claim.

7. As to each policy of insurance that might be applicable to this case in the event of a judgment against you, please state the carrier, the limits of bodily injury liability coverage, and the terms of all retentions, deductibles, and reserves.

8. As to all written or oral records, correspondence, reports and/or written or oral complaints, [collectively referred to as "reports"] of which you are aware concerning (a) the occurrence; and/or (b) the condition or existence of wet and/or slippery floors in the lobby at any time in 2013; identify and describe each report, identifying the person(s) preparing or making each report, the date of each report and state who presently has custody of same.

9. Identify all photographs, maps, diagrams, illustrations, video, and any other documentary evidence of which you are aware, which depict all or a portion of the lobby and/or which factually support any of your defenses to this claim and/or which otherwise relate to this claim.

10. As to all statements of which you are aware, made by the Plaintiff concerning any aspect of this case, identify each statement, persons who were witnesses thereto, and applicable dates.

11. If you contend that any alleged injuries of the Plaintiff were the result of his own negligence, state every fact upon which you rely in support of this contention.

12. If you allege that if the Plaintiff was injured then it was the result of acts of persons or entities not parties to this lawsuit, identify each entity and state specific facts upon which you are relying in making your allegation.

13. Identify all persons known to you who have any knowledge of facts pertaining to the circumstances of the occurrence, indicating which ones were eyewitnesses, which ones have furnished you with signed or otherwise recorded statements and which ones investigated the cause and circumstances of the occurrence for you.

14. Identify all individuals whom you will be calling as expert witnesses at the trial of this case, also noting as to each expert, the summary of the expert opinion to be rendered and a description of the facts upon which the opinion is based.

15. As to any expert witness who this Defendant may call at the trial of this case, please state (a) how much this Defendant has paid to retain this expert; (b) the expert's hourly billing rate; (c) the number of times this Defendant, counsel for this Defendant, and/or counsel's law firm has retained the expert for the purpose of serving as an expert witness in litigation in the past five years; and (d) the gross amount of money that this Defendant, counsel for this Defendant, and/or counsel's law firm has paid the expert in the past five years.

16. Give a factual statement as to how you contend the incident occurred.

17. State all facts upon which you rely in asserting each of the defenses raised in your answer.

18. Identify all documents and things (a) that you relied on in answering these interrogatories and (b) that you intend to rely on at the trial of this case.

19. As to all washing, waxing or other cleaning of the lobby floor performed on October 23 and/or October 24, 2013, please state:

   a) Who performed it and what entity he or she worked for;

   b) The date(s) and time(s) it was performed;

   c) What waxes or other substances were used;

   d) What document(s) reflect(s) any of this information, and who is in possession of same.

20. Describe whose duty it was to do the following on October 23 and/or October 24, 2013:

   a) Clean or wash the floor of the lobby;

   b) Prevent slipping hazards on the floor of the lobby; and

   c) Describe what document(s) reflect(s) any of this information, and who is in possession of same.

21. Describe what measures and/or procedures this Defendant had in place in October of 2013 to prevent slipping hazards on the lobby floor due to spills, including the use of mats, signs, cones, and/or other devices, tools, and/or any other equipment.

Respectfully Submitted,

/s/Daniel S. Singer
Kenneth M. Trombly, #199547
Daniel S. Singer, #1011357
1825 K Street, N.W.
Suite 1150
Washington, DC 20006
(202) 887-5000
kmt@schultztrombly.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served in the same manner and at the same time as the Complaint, Summons, and Initial Order.

/s/Daniel Singer
Daniel S. Singer

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **WILLIAM WALLACE** | * | |
| *Plaintiff* | * | |
| v. | * | Case No. 2016 CA 005500 B |
| | | Judge Maurice Ross |
| **UNITED HOSPITALITY SOLUTIONS,** | * | Next Event: Init. Sched. Conf. |
| **LLC, ET AL.** | | Oct. 28, 2016 at 9:00am |
| | * | |
| *Defendants.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RENAISSANCE HOTEL OPERATING COMPANY

To:    Renaissance Hotel Operating Company
From:  William Wallace

Pursuant to the Superior Court Rules of Civil Procedure, you are requested to produce and/or permit the inspection and copying by or on behalf of Plaintiff the following documents, papers, books, letters and accounts at the Law Offices of Schultz & Trombly, PLLC, 1825 K Street, NW, Suite 1150, Washington, DC 20006, within thirty (30) days.

## I.    GENERAL INSTRUCTIONS

A.    A document means any written, recorded, or graphic matter however produced or reproduced including, without limitation, letters, telegraphs, memoranda, agreements, records, notes, correspondence, diaries, photocopies, checks, checkbook registers, savings account passbooks, account books, charts, and all other papers and writing, including drafts, originals and copies, in your possession or control, or of which you have knowledge, wherever located. It includes all matter that relates or refers in whole or part to the subjects referred to in a request. If

a document has been prepared in separate copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification of a copy by the addition or notations, are no longer identical), each non-identical copy as a separate document.

B.     You means the entity to whom this request is being directed, their agents, employees, assigns, attorney, and all other persons acting on their behalf or on behalf of such agents, employees, assigns, and attorney.

C.     The documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the paragraphs in this production request.

D.     If any documents requested herein have been lost, discarded or destroyed, each such document should be identified as completely as possible, by stating the following information: (1) the nature of the document, (2) the date of disposal, (3) the manner of disposal, (4) the person authorizing the disposal, and (5) the person disposing of the document.

E.     With respect to any documents which you decline to produce because of a claim of privilege, you are requested to provide the following information as to each such document: (a) the date, author, and type of document, (b) the name of all persons to whom the document was sent, (c) a summary of the contents of the document, and (d) a detailed description of the grounds for which the claim of privilege or reason for nonproduction.

F.     All document requests phrased in either the disjunctive, conjunctive, or both should be answered in the manner that makes your answer inclusive rather than exclusive.

G.     All words used in the singular should be understood to also mean their plural and all words used in the plural should be understood to also mean their singular so as to make your answer complete.

H.      The term, "the occurrence," refers to the incident of October 24, 2013,

complained of in the complaint giving rise to this lawsuit.

I.      The term, "the premises," refers to the location of the occurrence at the

Renaissance Washington Hotel, located at 999 Ninth Street, NW, Washington, DC 20001.

J.      The term, "lobby," refers to the elevator on the second floor of the premises near

the concierge lounge, where the occurrence took place.

## II.     REQUESTS FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE ITEMS

1.      A copy of every report, letter, piece of correspondence, and/or other document

received from or sent to any person whom you intend to call as an expert witness concerning

damages, injuries, liability, and/or any other issues.

2.      A copy of every written or recorded statement made by this Defendant, or any

other entity, to the Plaintiff regarding any fact, issue, and/or matter regarding any issue in this

case.

3.      A copy of every written or recorded statement allegedly made by the Plaintiff or

by each and every person claimed to be an agent, servant or employee of the Plaintiff.

4.      A copy of every written or recorded statement of any person claimed to be a

witness to all or part of the occurrence.

5.      A copy of every contract, correspondence, and/or other document that reflects,

sets out, or otherwise expresses any maintenance, procedures and/or other work performed at or

concerning the premises regarding (a) measures to prevent or reduce the hazard of slippery floors

(in the lobby) at any time in 2013; (b) responsibility of laying out mats or rugs in the lobby in

2013; (c) schedule for washing and/or waxing the lobby in 2013; and (d) the responsibility of

placing cones and/or "wet floor" signs in the lobby to properly warn guests of slippery floors.

6.      A copy of every photograph, plat, diagram, shop drawing, schematic drawing, mockup, report, or other document that was created concerning the occurrence, including but not limited to the premises, the lobby, the person(s) involved, and/or the location involved.

7.      A copy of every document or exhibit that you intend to rely on at trial.

8.      All depositions, trial transcripts, and other testimony in your possession from any proceeding arising out of the occurrence giving rise to this case.

9.      A copy of every document referred to or relied upon in answering Plaintiff's interrogatories.

10.      All films, videotapes, or other recordings of the Plaintiff in your possession or to which you have access.

11.      All insurance policies under which a person or entity carrying on an insurance business might be liable to satisfy all or part of a judgment that might be entered in this action or reimburse you for payments made to satisfy such a judgment.

12.      Any letters, emails, notes, memoranda and/or other documents between this Defendant and any other entity referencing (a) the lobby; and/or (b) wet floors and/or safety issues in the lobby or accidents related thereto during the two (2) year periods both prior to and/or after the occurrence.

13.      Any letters emails, notes, memoranda and/or other documents between this Defendant and any other entity created at any time in the two year periods prior to and after the occurrence referencing the use of mats, rugs, cones, and/or warning signs in the lobby in order to avoid people slipping on account of wet floor.

14.     Any letters, emails, notes, memoranda and/or other documents between this Defendant and any other entity created at any time during the month of the occurrence referencing the application of wax or any other substance to the lobby floor

15.     Any records, building logs, or other documents that were kept by this Defendant's personnel in October 2013 regarding slippery floors, hazardous conditions, accidents and reports of potentially dangerous conditions in the lobby received from guests and/or any other person at the premises.

16.     All building logs and other documents as described in Request #15, that reference any persons reporting falls on slippery floors at the premises at any time from January 1, 2008 to the present.

17.     All contracts or other documents entered into between this Defendant and any other entity related to the maintenance of the lobby floor that were in effect on the date of the occurrence, including but not limited to the use of mats, rugs, cones, and/or warning signs to prevent and/or warn customers of slippery walking surfaces.

18.     All contracts and/or agreements between this Defendant and the co-Defendant that were in effect on the date of the occurrence, that concern or reference the activities of either or both of the premises.

19.     All emails, letters, memoranda, contracts, and other documents written by, to, or for this Defendant, that were sent or received in 2013 regarding (a) any aspect of the condition of the floor in the lobby; (b) the timing of washing or waxing the lobby; (c) the placement of mats, rugs, cones, and/or warning signs in the lobby; and/or (d) the avoidance or mitigation of persons slipping in the lobby during times when the lobby floor is being washed.

20.     All documents referenced in request #19, above, for the period of January 1, 2008 to the present.

21.     As to all persons of whom you are aware who claim to have fallen at the premises at any time in the last five years, or who claim to have otherwise been injured at the premises at any time during that time period, please supply a copy of every claim form, report, correspondence, legal complaint, or other document that contains or reflects information of that incident, claim, or allegation.

22.     All documents received by this Defendant pursuant to a subpoena.

Respectfully Submitted,

/s/Daniel S. Singer
Kenneth M. Trombly, #199547
Daniel S. Singer, #1011357
1825 K Street, N.W.
Suite 1150
Washington, DC 20006
(202) 887-5000
kmt@schultztrombly.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served in the same manner and at the same time as the Complaint, Summons, and Initial Order.


$\underline{\phantom{xxxx}\text{/s/Daniel Singer}\phantom{xxxx}}$
Daniel S. Singer

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **WILLIAM WALLACE** | * | |
| *Plaintiffs* | * | |
| v. | * | Case No. 2016 CA 005500 B |
| | | Judge Maurice Ross |
| **UNITED HOSPITALITY SOLUTIONS,** | * | Next Event: Init. Sched. Conf. |
| **LLC, ET AL.** | | Oct. 28, 2016 at 9:00am |
| | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO**
**DEFENDANT UNITED HOSPITALITY SOLUTIONS**

To:    United Hospitality Solutions, LLC
From:  William Wallace

Pursuant to the Superior Court Rules of Civil Procedure, you are requested to respond to the following Interrogatories and deliver your responses to the Law Offices of Schultz & Trombly, PLLC, 1825 K Street, NW, Suite 1150, Washington, DC 20006, within thirty (30) days.

**I.    INSTRUCTIONS**

A.  These interrogatories are continuing in character, so as to require you to file supplementary answers if you obtain further or different information before trial.

B.  Where the name or identity of a person is requested, please state that person's full name, home address, business address, and last known home and work telephone numbers.

C.  Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his attorneys. Inasmuch as an answer is made on behalf of a corporation, state the name, address and title of the person supplying the information and making the affidavit; as well as the source of his information.

1

D. The pronoun "you" refers to the party to whom these Interrogatories are addressed.

E. The term, "the occurrence," refers to the incident of October 24, 2013 involving the Plaintiff, as alleged in the complaint.

F. The term, "premises," refers to the location of the occurrence at the Renaissance Washington Hotel, located at 999 Ninth Street, NW, Washington, DC 20001.

G. The term, "lobby," refers to the elevator lobby on the second floor of the premises near the concierge lounge, where the occurrence took place.

H. The term, "the Plaintiff," refers to William Wallace, the individual involved in the occurrence.

## II.   INTERROGATORIES

1. State the name and relationship(s) to this Defendant of the person(s) answering these interrogatories.

2. State this Defendant's relationship to the premises on the day of the occurrence.

3. If you contend that this Defendant was not the lessor nor legal owner of the building housing the premises at the time of the occurrence and/or did not have day to day control over the premises on the date of the occurrence, then please state all of the facts on which you rely as to each contention, and identify what entity or entities in fact did have such ownership and/or control, as is applicable.

4. With respect to the premises, identify each individual whose duties included maintaining, repairing, inspecting, or cleaning the lobby and/or to whom this task was otherwise delegated, (a) on October 24, 2013, (b) in October of 2013, and (c) at any time during the three-year period preceding the date of the occurrence and at any time during the three-year period following the date of the occurrence.

5. Describe the standards and procedures taken in 2013 to prevent or mitigate slipping hazards or wet floors in the lobby, including, but not limited to when spills were present.

6. If this Defendant has ever had a suit filed or claim made against it regarding alleged personal injuries at the premises in regards to an incident caused by a fall on account of an allegedly slippery or wet floor, in each instance, identify the parties involved, the dates of the occurrence and the final outcome of the case or claim.

7. As to each policy of insurance that might be applicable to this case in the event of a judgment against you, please state the carrier, the limits of bodily injury liability coverage, and the terms of all retentions, deductibles, and reserves.

8. As to all written or oral records, correspondence, reports and/or written or oral complaints, [collectively referred to as "reports"] of which you are aware concerning (a) the occurrence; and/or (b) the condition or existence of wet and/or slippery floors in the lobby at any time in 2013; identify and describe each report, identifying the person(s) preparing or making each report, the date of each report and state who presently has custody of same.

9. Identify all photographs, maps, diagrams, illustrations, video, and any other documentary evidence of which you are aware, which depict all or a portion of the lobby and/or which factually support any of your defenses to this claim and/or which otherwise relate to this claim.

10. As to all statements of which you are aware, made by the Plaintiff concerning any aspect of this case, identify each statement, persons who were witnesses thereto, and applicable dates.

11. If you contend that any alleged injuries of the Plaintiff were the result of his own negligence, state every fact upon which you rely in support of this contention.

12. If you allege that if the Plaintiff was injured then it was the result of acts of persons or entities not parties to this lawsuit, identify each entity and state specific facts upon which you are relying in making your allegation.

13. Identify all persons known to you who have any knowledge of facts pertaining to the circumstances of the occurrence, indicating which ones were eyewitnesses, which ones have furnished you with signed or otherwise recorded statements and which ones investigated the cause and circumstances of the occurrence for you.

14. Identify all individuals whom you will be calling as expert witnesses at the trial of this case, also noting as to each expert, the summary of the expert opinion to be rendered and a description of the facts upon which the opinion is based.

15. As to any expert witness who this Defendant may call at the trial of this case, please state (a) how much this Defendant has paid to retain this expert; (b) the expert's hourly billing rate; (c) the number of times this Defendant, counsel for this Defendant, and/or counsel's law firm has retained the expert for the purpose of serving as an expert witness in litigation in the past five years; and (d) the gross amount of money that this Defendant, counsel for this Defendant, and/or counsel's law firm has paid the expert in the past five years.

16. Give a factual statement as to how you contend the incident occurred.

17. State all facts upon which you rely in asserting each of the defenses raised in your answer.

18. Identify all documents and things (a) that you relied on in answering these interrogatories and (b) that you intend to rely on at the trial of this case.

19. As to all washing, waxing or other cleaning of the lobby floor performed on October 23 and/or October 24, 2013, please state:

   a) Who performed it and what entity he or she worked for;

   b) The date(s) and time(s) it was performed;

   c) What waxes or other substances were used;

   d) What document(s) reflect(s) any of this information, and who is in possession of same.

20. Describe whose duty it was to do the following on October 23 and/or October 24, 2013:

   a) Clean or wash the floor of the lobby;

   b) Prevent slipping hazards on the floor of the lobby; and

   c) Describe what document(s) reflect(s) any of this information, and who is in possession of same.

21. Describe what measures and/or procedures this Defendant had in place in October of 2013 to prevent slipping hazards on the lobby floor due to spills, including the use of mats, signs, cones, and/or other devices, tools, and/or any other equipment.

Respectfully Submitted,

/s/Daniel S. Singer
Kenneth M. Trombly, #199547
Daniel S. Singer, #1011357
1825 K Street, N.W.
Suite 1150
Washington, DC 20006
(202) 887-5000
kmt@schultztrombly.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served in the same manner and at the same time as the Complaint, Summons, and Initial Order.

/s/Daniel Singer
Daniel S. Singer

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **WILLIAM WALLACE** | * | |
| *Plaintiff* | * | |
| v. | * | Case No. 2016 CA 005500 B |
| | | Judge Maurice Ross |
| **UNITED HOSPITALITY SOLUTIONS,** | * | Next Event: Init. Sched. Conf. |
| **LLC, ET AL.** | | Oct. 28, 2016 at 9:00am |
| | * | |
| *Defendants.* | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT UNITED HOSPITALITY SOLUTIONS, LLC**

To:    United Hospitality Solutions, LLC
From:  William Wallace

Pursuant to the Superior Court Rules of Civil Procedure, you are requested to produce and/or permit the inspection and copying by or on behalf of Plaintiff the following documents, papers, books, letters and accounts at the Law Offices of Schultz & Trombly, PLLC, 1825 K Street, NW, Suite 1150, Washington, DC 20006, within thirty (30) days.

**I.    GENERAL INSTRUCTIONS**

A.    A document means any written, recorded, or graphic matter however produced or reproduced including, without limitation, letters, telegraphs, memoranda, agreements, records, notes, correspondence, diaries, photocopies, checks, checkbook registers, savings account passbooks, account books, charts, and all other papers and writing, including drafts, originals and copies, in your possession or control, or of which you have knowledge, wherever located. It includes all matter that relates or refers in whole or part to the subjects referred to in a request.  If

a document has been prepared in separate copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification of a copy by the addition or notations, are no longer identical), each non-identical copy as a separate document.

B.    You means the entity to whom this request is being directed, their agents, employees, assigns, attorney, and all other persons acting on their behalf or on behalf of such agents, employees, assigns, and attorney.

C.    The documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the paragraphs in this production request.

D.    If any documents requested herein have been lost, discarded or destroyed, each such document should be identified as completely as possible, by stating the following information: (1) the nature of the document, (2) the date of disposal, (3) the manner of disposal, (4) the person authorizing the disposal, and (5) the person disposing of the document.

E.    With respect to any documents which you decline to produce because of a claim of privilege, you are requested to provide the following information as to each such document: (a) the date, author, and type of document, (b) the name of all persons to whom the document was sent, (c) a summary of the contents of the document, and (d) a detailed description of the grounds for which the claim of privilege or reason for nonproduction.

F.    All document requests phrased in either the disjunctive, conjunctive, or both should be answered in the manner that makes your answer inclusive rather than exclusive.

G.    All words used in the singular should be understood to also mean their plural and all words used in the plural should be understood to also mean their singular so as to make your answer complete.

H.     The term, "the occurrence," refers to the incident of October 24, 2013, complained of in the complaint giving rise to this lawsuit.

I.     The term, "the premises," refers to the location of the occurrence at the Renaissance Washington Hotel, located at 999 Ninth Street, NW, Washington, DC 20001.

J.     The term, "lobby," refers to the elevator on the second floor of the premises near the concierge lounge, where the occurrence took place.

## II.   REQUESTS FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE ITEMS

1.     A copy of every report, letter, piece of correspondence, and/or other document received from or sent to any person whom you intend to call as an expert witness concerning damages, injuries, liability, and/or any other issues.

2.     A copy of every written or recorded statement made by this Defendant, or any other entity, to the Plaintiff regarding any fact, issue, and/or matter regarding any issue in this case.

3.     A copy of every written or recorded statement allegedly made by the Plaintiff or by each and every person claimed to be an agent, servant or employee of the Plaintiff.

4.     A copy of every written or recorded statement of any person claimed to be a witness to all or part of the occurrence.

5.     A copy of every contract, correspondence, and/or other document that reflects, sets out, or otherwise expresses any maintenance, procedures and/or other work performed at or concerning the premises regarding (a) measures to prevent or reduce the hazard of slippery floors (in the lobby) at any time in 2013; (b) responsibility of laying out mats or rugs in the lobby in 2013; (c) schedule for washing and/or waxing the lobby in 2013; and (d) the responsibility of placing cones and/or "wet floor" signs in the lobby to properly warn guests of slippery floors.

6.     A copy of every photograph, plat, diagram, shop drawing, schematic drawing, mockup, report, or other document that was created concerning the occurrence, including but not limited to the premises, the lobby, the person(s) involved, and/or the location involved.

7.     A copy of every document or exhibit that you intend to rely on at trial.

8.     All depositions, trial transcripts, and other testimony in your possession from any proceeding arising out of the occurrence giving rise to this case.

9.     A copy of every document referred to or relied upon in answering Plaintiff's interrogatories.

10.     All films, videotapes, or other recordings of the Plaintiff in your possession or to which you have access.

11.     All insurance policies under which a person or entity carrying on an insurance business might be liable to satisfy all or part of a judgment that might be entered in this action or reimburse you for payments made to satisfy such a judgment.

12.     Any letters, emails, notes, memoranda and/or other documents between this Defendant and any other entity referencing (a) the lobby; and/or (b) wet floors and/or safety issues in the lobby or accidents related thereto during the two (2) year periods both prior to and/or after the occurrence.

13.     Any letters emails, notes, memoranda and/or other documents between this Defendant and any other entity created at any time in the two year periods prior to and after the occurrence referencing the use of mats, rugs, cones, and/or warning signs in the lobby in order to avoid people slipping on account of wet floor.

14.     Any letters, emails, notes, memoranda and/or other documents between this Defendant and any other entity created at any time during the month of the occurrence referencing the application of wax or any other substance to the lobby floor

15.     Any records, building logs, or other documents that were kept by this Defendant's personnel in October 2013 regarding slippery floors, hazardous conditions, accidents and reports of potentially dangerous conditions in the lobby received from guests and/or any other person at the premises.

16.     All building logs and other documents as described in Request #15, that reference any persons reporting falls on slippery floors at the premises at any time from January 1, 2008 to the present.

17.     All contracts or other documents entered into between this Defendant and any other entity related to the maintenance of the lobby floor that were in effect on the date of the occurrence, including but not limited to the use of mats, rugs, cones, and/or warning signs to prevent and/or warn customers of slippery walking surfaces.

18.     All contracts and/or agreements between this Defendant and the co-Defendant that were in effect on the date of the occurrence, that concern or reference the activities of either or both of the premises.

19.     All emails, letters, memoranda, contracts, and other documents written by, to, or for this Defendant, that were sent or received in 2013 regarding (a) any aspect of the condition of the floor in the lobby; (b) the timing of washing or waxing the lobby; (c) the placement of mats, rugs, cones, and/or warning signs in the lobby; and/or (d) the avoidance or mitigation of persons slipping in the lobby during times when the lobby floor is being washed.

20.     All documents referenced in request #19, above, for the period of January 1, 2008 to the present.

21.     As to all persons of whom you are aware who claim to have fallen at the premises at any time in the last five years, or who claim to have otherwise been injured at the premises at any time during that time period, please supply a copy of every claim form, report, correspondence, legal complaint, or other document that contains or reflects information of that incident, claim, or allegation.

22.     All documents received by this Defendant pursuant to a subpoena.


Respectfully Submitted,

/s/Daniel S. Singer
Kenneth M. Trombly, #199547
Daniel S. Singer, #1011357
1825 K Street, N.W.
Suite 1150
Washington, DC 20006
(202) 887-5000
kmt@schultztrombly.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served in the same manner and at the same time as the Complaint, Summons, and Initial Order.


_____/s/Daniel Singer_____
Daniel S. Singer